STATE of North Dakota, Plaintiff and Appellant,

v.

Dennis MEES, Defendant and Respondent.

Cr. No. 413.

Supreme Court of North Dakota.

March 28, 1972.

Rehearing Denied May 1, 1972.

**400**

Helgi Johanneson, Atty. Gen., Thomas F. Kelsch, State's Atty., Dennis A. Schnei-der, Asst. State's Atty., Bismarck, for plaintiff and appellant.

Thompson, Lundberg & Nodland, Bismarck, for defendant and respondent.

PAULSON, Judge.

This is an appeal by the State, pursuant to § 29–28–07 of the North Dakota Century Code, from an order of the District Court of Burleigh County, quashing nine counts of a ten-count grand jury indictment against Dennis Mees. The nine counts which were quashed concerned the sale of marijuana and certain hallucinogenic drugs. The tenth count, which was not quashed, involves a charge of perjury. The indictment was returned by a special grand jury which was called in September of 1970 to investigate drug abuse in Burleigh County. This court has previously considered another case arising from an indictment by the same grand jury in the case of State v. Perry, 182 N.W.2d 860 (N.D. 1971).

We are confronted with the motion made by Mees in this court for a dismissal of the appeal because of the failure of the State to take a timely appeal.

The record reveals that Mees was indicted on September 25, 1970. The order quashing the nine counts of a ten-count indictment was made orally by the district court on November 20, 1970. The notice of appeal was served and filed on November 23, 1970. Subsequent to this, there was a controversy between the parties as to the settling of the statement of the case and it was not until February 26, 1971, that the district court made an order settling the statement of the case. The next significant event occurred on July 8, 1971, when Mees filed with this court his motion to dismiss the appeal. On August 18, 1971, the State filed its brief with this court and the case was then argued at the September 1971 term.

Mees' counsel has argued that the State's delay in filing a brief has caused an injustice to his client, who is entitled to have his rights ascertained in a speedy manner. The State concedes on oral argument that an appeal by the State is a rarity and although the existing North Dakota law on the subject is silent, this court is convinced that such a situation places a special burden on the State to perfect its appeal without undue delay. As the record indicates, the State has not done so.

It is an established general rule that statutes granting the state a right to appeal are to be strictly construed. See 4 Am.Jur.2d, Appeal and Error § 268; 24 C.J.S. Criminal Law § 1659; and annotations to 18 U.S.C.A. § 3731, at subsection 2. It is recognized that § 29–01–29, N.D.C.C., provides that

". . . all proceedings under it [Title 29, N.D.C.C.] are to be liberally construed with a view to promoting its objects and in furtherance of justice."

However, it is the opinion of this court that since Title 29, N.D.C.C., applies primarily to appeals by an accused, § 29–01–29 should be interpreted in the light that the provisions of Title 29 should be liberally construed to the end that an accused receives justice.

Having concluded that the provisions of Title 29, N.D.C.C., should be strictly construed against the State, it is necessary to consider the pertinent language of § 29–28–08, N.D.C.C.:

". . . The appellant shall file the settled statement of the case and briefs on an appeal from . . . an order within sixty days after the date thereof. . . ."

Rule 7 of the Rules of Practice in the Supreme Court of North Dakota states:

"Filing of Briefs. Upon appeal to the Supreme Court, the appellant shall fully prepare his brief and serve it upon the respondent, and file it with the clerk of the court from which the appeal is taken before or at the time record of the case is transmitted to the Supreme Court, by the Clerk of the District Court, and it shall be transmitted with such record.

"Within fifteen days after the service of the appellant's brief upon the respondent, as aforesaid, the respondent shall prepare his brief, and serve it upon appellant, and file it with the Clerk of the Supreme Court.

"Failure of the appellant to comply with this rule will subject the appeal to dismissal, unless the Supreme Court for sufficient cause, should otherwise order."

Since there was a controversy over the settling of the statement of the case, the district court granted the State a ninety-day extension of time for perfecting its appeal, and, thus, the sixty-day statutory limit under § 29–28–08, N.D.C.C., is not applicable. However, in strictly construing § 29–28–08, the State should have filed its brief at the time that the order settling the statement of the case was executed, i. e., February 26, 1971. The appellant's brief was not filed until August 18, 1971, approximately six months later. It is stated in Orfield, Criminal Appeals in America (1939), at page 63, that:

"If the state is to be allowed to appeal, the time in which it might do so should be strictly limited . . ."

We agree with this principle and our interpretation of § 29–28–08, N.D.C.C., is that such is the law in North Dakota. Such a rule is especially appropriate in this case where the perjury count against Mees is still awaiting disposition while this appeal is pending.

While this court has previously been confronted with motions to dismiss appeals in civil actions because of the length of time consumed in perfecting such appeals and has in most instances considered such cases on their merits, nevertheless the State as

an appellant in a criminal action should be held to a higher standard than other appellants when it undertakes an appeal.

For reasons stated in the opinion, Mees' motion for a dismissal of the appeal is granted.

STRUTZ, C. J., and ERICKSTAD, TEIGEN and KNUDSON, JJ., concur.