STATE of North Dakota, Plaintiff and Appellee,

v.

Jerry RUMMEL, Defendant and Appellant.

Cr. No. 857.

Supreme Court of North Dakota.

Nov. 10, 1982.

John J. Fox, Asst. States Atty., and Owen K. Mehrer, States Atty., Dickinson, for plaintiff and appellee; argued by John J. Fox, Asst. State's Atty., Dickinson.

Freed, Dynes, Reichert & Buresh, Dickinson, for defendant and appellant; argued by Ronald A. Reichert, Dickinson.

ERICKSTAD, Chief Justice.

This is an appeal by the defendant, Jerry Rummel, from a Judgment of Conviction, dated April 8, 1982, by the Stark County Court of Increased Jurisdiction. We reverse and remand for a new trial.

On appeal Rummel raises one issue:

Whether or not, under the facts of this case, the 119 day delay between the selection of the jury and the commencement of the trial denied Rummel's right to an "impartial jury" under the Sixth Amendment to the United States Constitution and the Due Process Clause of Article I, Section 12, of the North Dakota Constitution?

Rummel was charged with driving while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C. On September 20, 1981, Rummel plead not guilty and requested that a jury of 12 persons hear the charges against him. The jury was selected on November 10, 1981, at which time Rummel exercised all of his peremptory challenges. By virtue of circumstances which were in no way attributable to Rummel the trial did not commence until March 9, 1982, 119 days after the jury had been selected.

Approximately one week before the trial commenced Rummel made a motion before the trial court requesting that he be allowed to conduct additional voir dire of the selected jurors and also requesting additional peremptory challenges. The court granted the request for additional voir dire but denied the request for additional peremptory challenges. During the second voir dire, conducted on the day of the trial, March 9, 1982, it was discovered that nine of the jurors had sat as jurors in at least one other DWI trial subsequent to having been selected as jurors for Rummel's trial. On that ground Rummel moved to strike those nine jurors for cause, but his request was denied by the trial court. The case proceeded to trial, Rummel was found guilty, and he

then filed this appeal from his judgment of conviction.

We believe that Subsection 29–17–36(5), N.D.C.C., is dispositive of this appeal and requires a reversal of Rummel's conviction:

> "*29–17–36. Matters constituting implied bias specified.* A challenge for implied bias of a juror may be taken for all or any of the following causes, and for no other:
>
> \*　\*　\*　\*'　\*　\*
>
> 5.　Having served on a trial jury which has tried another person for the offense charged; . . ."[1]

Upon construing the foregoing provision on its face, we believe there are two reasonable interpretations of it. One is that a juror may be struck for cause on the ground of implied bias if the juror has served as a juror on the trial of another person charged with the same violation as the defendant involving the same event or incident. The second reasonable interpretation of the provision is that a juror may be struck for cause on the ground of implied bias if the juror has served as a juror on the trial of another person charged with having violated the same law or statutory provision as the defendant, irrespective of whether or not the alleged violation involved the same event or incident upon which the defendant's charges were based.

■ Pursuant to Section 29–01–29, N.D. C.C., all provisions and proceedings under Title 29 of the North Dakota Century Code are to be "liberally construed with a view to promoting its objects and in furtherance of justice." In *State v. Mees,* 196 N.W.2d 399 (N.D.1972), we construed that rule of construction to require that provisions under Title 29, N.D.C.C., be strictly construed against the state and liberally construed to the end that an accused receives justice. In view of that rule of construction we conclude that the proper interpretation of Subsection 29–17–36(5), N.D.C.C., is that a juror may be struck for cause on the ground of implied bias if that juror has served on a trial at which another person was charged with having violated the same law or statutory provision as the defendant, irrespective of whether or not that person's alleged violation involved the same event or incident upon which the defendant's .charges were based.

If it were the legislature's intent to provide a more limited basis upon which a juror could be struck under Subsection 29–17–36(5), N.D.C.C., it could have clearly expressed that intent by including language that a juror may be struck under the provision only if the other trial, at which the challenged juror sat, involved the same event or incident upon which the defendant's charges were based.

■ It is a well-settled rule of statutory construction that all parts of a statute should be construed together. We believe that two other subdivisions under Section 29–17–36, N.D.C.C., support our construction of Subsection 5.

Subsection 29–17–36(6), N.D.C.C., provides:

> "*29–17–36. Matters constituting implied bias specified.* A challenge for implied bias of a juror may be taken for all or any of the following causes, and for no other:
>
> \*　\*　\*　\*　\*　\*
>
> 6.　Having been one of a jury formerly sworn to try the same charge, and whose verdict was set aside, or which was discharged without a verdict, after the cause was submitted to it; . . ."

Subsection 6 refers to the striking for cause of a juror who has been formerly sworn to try the "same charge." The phrase "same charge" unambiguously refers to the specific charge which has been made against the defendant. Subsection 5, however, refers to the striking of a juror who has served on a trial against another person for "the of-

---

1.　In defense of the trial court's ruling denying the challenges for cause for the nine jurors who had sat in a similar case subsequent to being chosen as jurors in this case, it should be noted that it does not appear. that Section 29–17–36(5), N.D.C.C., was brought to the trial court's attention at the time of the challenges for cause.

fense charged." It is reasonable to infer that the different phrasing between Subsections 5 and 6 demonstrates a legislative intent to make Subsection 5 more broad in its scope. Thus, a juror may be struck under Subsection 6 only if that juror has been formerly sworn on a jury to try the specific charge for which the defendant has been charged involving the same event or incident. However, a juror can be struck under Subsection 5 for having served as a juror at a trial for another person who is charged with violating the same law or statutory provision as the defendant, irrespective of whether or not the same event or incident is involved.

We believe that Subsection 9 also provides support for our interpretation of Subsection 5:

> "*29-17-36. Matters constituting implied bias specified.* A challenge for implied bias of a juror may be taken for all or any of the following causes, and for no other:
>
>     \*    \*    \*    \*    \*    \*
>
> 9. Having served as a member of the jury panel within two years."

Because Subsection 9 provides for the striking of a juror that has served as a member of the jury panel within two years, it is reasonable to construe the legislature's intent under Subsection 5 to permit the striking of a juror that has served on a trial of another person for having violated the same law or statutory provision as the defendant, irrespective of whether or not the violation involves the same event or incident upon which the defendant's charge was based. The broad scope of Subsection 9 does not support a strict construction of Subsection 5, giving it a very limited or narrow scope, but instead supports our interpretation of Subsection 5 as having a more broad scope.

We hold that Subsection 29-17-36(5), N.D.C.C., permits a challenge for cause on the ground of implied bias of a juror who serves on a trial jury which has tried another person for violating the same law or statutory provision as for which the defendant has been charged, irrespective of whether or not the other person's charge involves the same event or incident upon which the defendant's charge was based.

Accordingly, we conclude that the trial court erred in its refusal to grant Rummel's request to strike for cause the nine jurors that sat as jurors in at least one other DWI trial subsequent to having been selected as jurors for Rummel's trial, but prior to commencement of his trial. The court's refusal to strike those nine jurors violated Rummel's rights under Subsection 29-17-36(5), N.D.C.C., and thereby infringed upon his right to a fair and impartial jury as mandated by our legislature.

In accordance with this opinion we hereby reverse Rummel's judgment of conviction and remand for a new trial.

SAND, PAULSON and PEDERSON, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the result.